IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**OLIVER DUNN**                                                            **PLAINTIFF**

v.                          Case No. 4:20-cv-01360-LPR

**JANIS LYNEE PARTAIN**                               **DEFENDANT**

## ORDER

This case began in state court and was removed to federal court by Defendant Janis Lynee Partain.[1] On November 17, 2020, Ms. Partain filed a Motion to Dismiss the case against her for insufficient service of process under Rule 12(b)(5) of the Arkansas and Federal Rules of Civil Procedure.[2] On November 30, 2020, Plaintiff Oliver Dunn filed a Response in Opposition.[3] For the following reasons, the Court grants the Motion to Dismiss.

## Background

On June 17, 2018, Ms. Partain allegedly drove her 2008 Ram truck into Mr. Dunn's 2017 Chevy Sonic.[4] The accident occurred in Harrison, Arkansas.[5] At the time of the accident, Ms. Partain reported (on the Harrison Police Department's "Accident Statement") that she was a student at the University of Arkansas and that her address was "170 S. Hill Ave. #208,"

---

[1] Notice of Removal (Doc. 1).

[2] Mot. to Dismiss (Doc. 6).

[3] Resp. to Mot. to Dismiss (Doc. 9).

[4] June 9, 2020 Compl. (Doc. 4) ¶ 7.

[5] *Id.* ¶ 2.

Fayetteville, Arkansas 72701.[6]  On August 13, 2019, over a year after the accident, Ms. Partain moved to North Carolina.[7]  She has lived in North Carolina since that time.[8]

On November 2, 2019, Mr. Dunn filed a personal injury action against Ms. Partain in the Pulaski County Circuit Court.[9]  The certificate of service in the Complaint states that a copy of the Complaint was served "upon the Defendant through a process server at 170 South Hill Avenue, Fayetteville, Arkansas 72701 on November 1, 2019."[10]  But, as noted above, Ms. Partain moved to North Carolina in August of 2019.  She was no longer living in Arkansas when the November 2019 Complaint was filed.  Thus, contrary to the claim in the certificate of service, Ms. Partain was not served the November 2019 Complaint.  In fact, as of the date of this Order, Ms. Partain has never been served the November 2019 Complaint.[11]

On June 9, 2020, Mr. Dunn filed an unnamed pleading.[12]  The substance of the unnamed pleading is identical to the November 2019 Complaint except for the following explanatory paragraph: "Previous good faith attempts to serve the defendant have failed, necessitating the refiling of this complaint and paying another filing fee."[13]  Based on that explanation, it appears as though Mr. Dunn intended for the June 9, 2020 filing to constitute the filing of an entirely new case-initiating Complaint.  But there is no evidence to show that Mr. Dunn actually paid a new

---

[6] Ex. 3 to Pl.'s Mot. to Remand (Doc. 8-3) at 14.  The Court denied Mr. Dunn's Motion to Remand after determining that it had diversity jurisdiction.  *See* Order Denying Mot. to Remand (Doc. 12).  Ms. Partain has been a citizen of North Carolina at all relevant points in this proceeding, and the amount in controversy is over $75,000.  *Id.*

[7] Ex. 1 to Def.'s Resp. to Mot. to Remand (Doc. 10-1) ¶ 2.

[8] *Id.*

[9] Nov. 2019 Compl. (Doc. 3).

[10] *Id.* at 3.

[11] "Ms. Partain has yet to receive the original complaint."  Br. in Supp. of Mot. to Dismiss (Doc. 7) at 2.  Mr. Dunn's Response notes that he was unable to serve Ms. Partain until he served her with the subsequent June 9, 2020 Complaint at her home in North Carolina.  Resp. to Mot. to Dismiss (Doc. 9) ¶ 3.

[12] June 9, 2020 Compl. (Doc. 4).

[13] *Id.* ¶ 10.

filing fee.[14]  And the unnamed pleading bears the same case number (60CV-19-7789) as the November 2019 Complaint.  Accordingly, Ms. Partain argues that the June 9, 2020 filing should be construed as an Amended Complaint.  The Court need not take a position on whether the unnamed pleading constitutes a new Complaint or an Amended Complaint.  Indeed, as explained below, even if the Court construes the June 9, 2020 filing as a new case-initiating Complaint, dismissal is still warranted.

Similar to the November 2019 Complaint, the certificate of service in the June 9, 2020 Complaint states that a copy of the filing was served "upon the Defendant through a process server and or certified mail at 170 South Hill Avenue, Fayetteville, Arkansas 72701 on June 09, 2020."  But, once again contrary to the representation in the certificate of service, Ms. Partain was not served at that time because she was no longer at that address (or even in the state of Arkansas).

On October 24, 2020—137 days after the filing of the June 9, 2020 Complaint and 357 days after the filing of the November 2019 Complaint—Mr. Dunn finally served Ms. Partain at her home in North Carolina.  But Mr. Dunn only served Ms. Partain with the June 9, 2020 version of his Complaint.  Ms. Partain has never been served the November 2019 Complaint.[15]

## Discussion

Mr. Dunn implicitly concedes that he failed to timely serve Ms. Partain,[16] regardless of whether the Arkansas Rules of Civil Procedure or the Federal Rules of Civil Procedure apply and regardless of whether the Court bases its timeliness calculation on the filing of the November 2019

---

[14] The Court takes judicial notice of the State Court Docket Report.  *Dunn v. Partain* 60CV-19-7789.  The Docket Report does not indicate that a new filing fee was paid in connection with Mr. Dunn's June 9, 2020 filing.  *Id.*

[15] "Ms. Partain has yet to receive the original complaint."  Br. in Supp. of Mot. to Dismiss (Doc. 7) at 2.  Mr. Dunn's Response notes that he was unable to serve Ms. Partain until he served her with the June 9, 2020 Complaint at her home in North Carolina.  Resp. to Mot. to Dismiss (Doc. 9) ¶ 3.

[16] Mr. Dunn does not argue that he served Ms. Partain in a timely fashion.  *See* Resp. to Mot. to Dismiss (Doc. 9).  Rather, he argues that he should not be penalized for his failure.  *Id.*

Complaint or the filing of the June 9, 2020 Complaint.[17]  Nevertheless, Mr. Dunn asserts that his "claims should not be dismissed" because (1) he made good faith attempts to serve Ms. Partain at the address she listed in the police report, (2) Ms. Partain allegedly "evaded numerous service attempts by failing or refusing to answer her door,"[18] and (3) Ms. Partain has not and will not be prejudiced by the delay.[19]  Mr. Dunn argues that these reasons constitute good cause for an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure.  He further asserts that "even absent a showing of good cause . . . the District Court can expand the time of service . . . and consider the [June 9] service proper."[20]  Mr. Dunn's arguments are unpersuasive.

Rule 4(m) of the Federal Rules of Civil Procedure does not apply to the case at bar.  Rule 81(c) of the Federal Rules of Civil Procedure states that the Federal Rules of Civil Procedure "apply to a civil action *after* it is removed from a state court."[21]  In other words, "[i]n a case that has been removed from state court, the sufficiency of service of process prior to removal is determined by state law, and after removal, by federal law."[22]  Because Mr. Dunn filed his case in state court, and because his deadline for service expired well before the case was removed, the Arkansas Rules on service control.

---

[17] As of the date of this Order, service of the November 2019 Complaint is 311 days late (and counting) under the Arkansas Rules of Civil Procedure and 341 days late (and counting) under the Federal Rules of Civil Procedure. *See* ARK. R. CIV. P. 4(i)(1) (service must be "made on a defendant within 120 days after the filing of the complaint"); FED. R. CIV. P. 4(m) (service must be made "within 90 days after the complaint is filed").  The June 9, 2020 Complaint was served 17 days late under the Arkansas Rules of Civil Procedure and 47 days late under the Federal Rules of Civil Procedure.

[18] Rule 4(i)(1) states that "if service is by mail or by commercial delivery company . . . service shall be deemed to have been made . . . on the date that the process was accepted or *refused*." ARK. R. CIV. P. 4(i)(1) (emphasis added).  Although Mr. Dunn alleges that Ms. Partain refused to accept service, he does not support this assertion with any record evidence.  Nor does he even attempt to argue that her alleged refusal resulted in successful service of process.  To the contrary, as noted *supra*, Mr. Dunn acknowledges that he did not serve Ms. Partain in a timely fashion.

[19] Resp. to Mot. to Dismiss (Doc. 9) ¶¶ 1-5.

[20] *Id.* ¶ 6.

[21] FED. R. CIV. P. 81(c).

[22] *Barner v. Thompson/Center Arms Co.*, 796 F.3d 897, 900 (8th Cir. 2015) (internal citations omitted).

According to Rule 4(i)(1) of the Arkansas Rules of Civil Procedure, "[i]f service of process is not made on a defendant within 120 days after the filing of the complaint . . . the action *shall* be dismissed as to that defendant without prejudice on motion or on the court's initiative . . . ."[23] The court may extend the time for service only "on written motion and a showing of good cause, . . . if the motion is made *within 120 days of the filing of the suit* . . . ."[24] Rule 6(b) of the Arkansas Rules of Civil Procedure cements the strict application of these extension requirements. Indeed, while courts may generally consider an extension of time even after the expiration of a deadline in other areas, courts "may not extend the time for taking an action under Rule[] 4(i) . . . except to the extent and under the conditions" stated in that specific Rule.[25]

Mr. Dunn's instant request for an extension does not satisfy Rule 4(i)'s strict requirements. Even if this instant request—made in his Response to Defendant's Motion to Dismiss—could be construed as a "written motion" within the meaning of Rule 4(i), it was not made within 120 days of the filing of either the November 2019 Complaint or the June 9, 2020 Complaint. Accordingly, the Court concludes that Mr. Dunn's service was insufficient under Arkansas Rule of Civil Procedure 4(i). Rule 4(i)(1) mandates dismissal and the window for a Rule 4(i)(2) extension of time closed long ago.[26]

---

[23] ARK. R. CIV. P. 4(i)(1) (emphasis added).

[24] ARK. R. CIV. P. 4(i)(2) (emphasis added).

[25] ARK. R. CIV. P. 6(b).

[26] The Court notes that it would have ordered dismissal even if it applied Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), courts engage in a two-step analysis of motions to dismiss for untimely service. *Kurka v. Iowa Cty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). First, the Court considers whether the plaintiff has demonstrated good cause for his failure to timely serve. *Id.* If good cause is shown, an extension is mandatory. *Id.* Although there is no exact definition for good cause, the standard is likely satisfied when "[1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding *pro se* or *in forma pauperis*." *Id.* (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)). If no good cause is shown, the Court may still extend the deadline as a matter of discretion. *Id.*

**Conclusion**

Ms. Partain's Motion to Dismiss for insufficient service under Rule 12(b)(5) of the Federal Rules of Civil Procedure is GRANTED. Mr. Dunn's case is DISMISSED WITHOUT PREJUDICE. A corresponding Judgment will be entered.

IT IS THEREFORE ORDERED this 6th day of January 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

Here, Mr. Dunn has not pointed to any record evidence demonstrating that he failed to complete service due to the conduct of a third person, such as a process server. And although he asserts that Ms. Partain has intentionally evaded service, he does not support this conclusory claim with any proof. To the contrary, Ms. Partain has provided a sworn affidavit stating that she moved to North Carolina months before Mr. Dunn filed his November 2019 Complaint and attempted service at her former Arkansas address. Mr. Dunn has likewise failed to establish that he acted diligently in attempting to learn Ms. Partain's current location and serve her there. It took Mr. Dunn a total of 357 days to finally serve Ms. Partain at her home in North Carolina. And as far as the Court can tell, Mr. Dunn only attempted service three times during those 357 days—twice to the same unresponsive Arkansas address and once to the proper address. Despite repeated failures, Mr. Dunn never sought an extension of time to perfect service. In sum, Mr. Dunn has not demonstrated good cause for an extension of time under Rule 4(m). And the Court sees no other reason to provide an extension as a matter of its discretion under the circumstances present here. A discretionary exception is not warranted.

Finally, the Court notes that Mr. Dunn will not suffer a disproportional amount of prejudice as a result of the Court's dismissal. This dismissal is without prejudice and the three-year statute of limitations for a personal injury action has yet to expire. ARK. CODE ANN. § 16-56-105. Mr. Dunn is free to file his Complaint again and properly serve Ms. Partain.